[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 04-11983
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 30, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 92-00018-CR-WDO-3

TOMMY CHRIS BARNETT,

                                        Petitioner-Appellant,

                versus

UNITED STATES OF AMERICA,

                                        Respondent -Appellee.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Georgia

----------------------------------------------------------------

(August 30, 2005)

Before EDMONDSON, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

       Tommy Chris Barnett, a federal prisoner proceeding pro se, appeals the

district court's denial of his Fed.R.Civ.P. 60(b) motion requesting relief from his

previous convictions and sentence. No reversible error has been shown; we affirm.

Barnett was convicted on 22 November 1993 of drug trafficking charges. On 1 December 1993, though still represented by counsel, Barnett filed a pro se Fed.R.Crim.P. 33 motion for new trial, arguing (1) that the evidence was insufficient to support his convictions, (2) the district court gave erroneous jury instructions, and (3) his counsel rendered ineffective assistance.[1] In March 1994, the district court sentenced Barnett to 328 months' imprisonment. Barnett, through his trial counsel, appealed his convictions and sentence; but in April 1995, we affirmed Barnett's convictions and sentence.

In May 2001, Barnett filed a pro se motion to dismiss the indictment for lack of jurisdiction. The district court denied this motion. While Barnett's appeal was pending, he filed in this Court a "Motion Before the Appeal Court for the Lower Court [to] Entertain his Rule 33 Motion." We denied Barnett a certificate of appealability and denied his motion as moot.

In January 2004, Barnett filed the present Rule 60(b) motion. He argued that this Court lacked jurisdiction to consider his direct appeal when his motion

---

[1] Nothing in the record indicates that the district ruled on his pro se Rule 33 motion.

for new trial still was pending in district court. Barnett also argued the merits of his insufficient evidence and ineffective assistance claims.

The magistrate judge recommended that the district court deny Barnett's Rule 60(b) motion because, under law-of-the-case and res judicata principles, the district court was not authorized to determine (1) that we lacked jurisdiction to review his direct appeal and (2) that we erred in denying as moot his motion to this Court for the district court to decide his Rule 33 motion. Over Barnett's objections, the district court adopted the magistrate's report and denied the Rule 60(b) motion.

On appeal, Barnett argues that we lacked jurisdiction over his direct appeal when the district court failed to dispose of his Rule 33 motion for new trial. He also challenges the district court's denial of his Rule 60(b) motion: (1) the district court erred by applying the law of the case doctrine when ruling on his Rule 60(b) motion, and (2) the district court erred by failing to address his claims of ineffective assistance of counsel and insufficient evidence. Barnett then argues the merits of his ineffective assistance claims.

Rule 60(b) is a rule of civil procedure: it does not provide relief from a judgment in a criminal case. See United States v. Fair, 326 F.3d 1317 (11th Cir. 2003); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). But in his

3

Rule 60(b) motion, Barnett brought up matters from his criminal case: he asked the district court (1) to determine that this Court lacked jurisdiction over his direct appeal, and (2) to reverse this Court's decision refusing to consider his Rule 33 motion. Barnett cannot challenge these matters under Fed.R.Civ.P. 60(b). The district court lacked the jurisdiction necessary to provide Rule 60(b) relief: we affirm the district court's denial of Barnett's Rule 60(b) motion.[2] See Mosavi, 138 F.3d at 1365.

AFFIRMED.

---

[2] That the district court denied Barnett's Rule 60(b) motion on different grounds is of no concern: we are obligated to inquire into the existence of subject-matter jurisdiction at all times, see Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999), and we may affirm the district court's judgment for any reason supported by the record, see Gaston v. Bellingrath Gardens & Home, Inc., 167 F.3d 1361, 1363 n.1 (11th Cir. 1999).