[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 19, 2007
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-10149
Non-Argument Calendar

----------------------------------------

D.C. Docket Nos. 05-00092-CV-WDO-3 & 92-00018 CR-001

TOMMY CHRIS BARNETT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Georgia
----------------------------------------------------------------

**(January 19, 2007)**

Before EDMONDSON, Chief Judge, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Tommy Chris Barnett ("Barnett"), a federal prisoner proceeding pro se,

appeals the district court's denial of his Fed.R.Civ.P. 60(b) motion requesting

relief from his previous convictions and sentence. No reversible error has been shown; we affirm.

Barnett was convicted in November 1993 of drug trafficking charges. In December 1993, while still represented by counsel, Barnett filed a pro se Fed. R. Crim. P. 33 motion for new trial. Without addressing this motion, the district court sentenced Barnett. We affirmed Barnett's convictions and sentences on appeal.

In May 2001, Barnett filed a pro se motion to dismiss the indictment for lack of jurisdiction. The district court denied this motion. While Barnett's appeal was pending, he filed in this Court a "Motion Before the Appeal Court for the Lower Court [to] Entertain his Rule 33 Motion." We denied Barnett a certificate of appealability ("COA") and denied his motion as moot.

In January 2004, Barnett filed a Rule 60(b) motion. He argued, among other things, that we lacked jurisdiction to consider his direct appeal when his motion for new trial still was pending in district court. Upon the recommendation of the magistrate judge, the district court denied the 60(b) motion. We affirmed, holding that the district court lacked jurisdiction to hear Barnett's motion because Rule 60(b) did not allow Barnett to attack collaterally matters from his criminal case.

Barnett v. United States, No. 04-11983, 2005 WL 2082900, at *1 (11th Cir. Aug. 30, 2005).

In October 2005, Barnett filed a motion pursuant to Fed. R. Civ. P. 60(b)(4), arguing that the district court lacked jurisdiction to sentence him because it failed to address his motion for a new trial. He asserted that Gonzalez v. Crosby, 125 S. Ct. 2641 (2005), permits use of a Rule 60(b) motion to obtain relief from a criminal judgment. The magistrate judge recommended that the motion be denied (1) because Barnett's pro se motion was untimely, and (2) because Barnett was represented by his retained counsel when he filed the motion and had no legal right to act on his own behalf. The district court adopted the magistrate's recommendation and denied the motion. Barnett filed the instant appeal. We initially denied Barnett's motion for a COA but, on reconsideration, determined that a COA was not required. We now affirm.

We review issues of subject-matter jurisdiction de novo. United States v. Moore, 443 F.3d 790, 793 (11th Cir. 2006). Here, as in Barnett's previous appeal, the district court lacked jurisdiction to consider Barnett's Rule 60(b) motion, as that motion sought to attack collaterally his criminal judgment. Barnett, No. 04-11983, 2005 WL 2082900, at *1; United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). Barnett's reliance on Gonzalez is misplaced, as that case merely

3

allows a district court to rule on a Rule 60(b) motion when that motion alleges "a defect in the integrity of the federal habeas proceedings" brought under 28 U.S.C. § 2254. Gonzalez, 125 S. Ct. at 2648. Gonzalez does not allow a defendant to attack collaterally his underlying conviction and sentence through use of a Rule 60(b) motion, as Barnett seeks to do here. See id. at 2647. Accordingly, the district court's denial of Barnett's Rule 60(b)(4) motion is

**AFFIRMED.**[1]

---

[1]As we noted in our decision regarding Barnett's previous appeal, "That the district court denied Barnett's Rule 60(b) motion on different grounds is of no concern: we are obligated to inquire into the existence of subject-matter jurisdiction at all times, and we may affirm the district court's judgment for any reason supported by the record." Barnett, 2005 WL 2082900, at * 1 (internal citations omitted).