[ PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-6326
Non-Argument Calendar
_____

D. C. Docket No. CR 91-HM-15-NE

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEYED ALI MOSAVI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(April 14, 1998)**

Before BLACK and HULL, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

Seyed Ali Mosavi, the defendant below, appeals the denial by the district court of his Fed. R. Civ. P. 60(b) Motion for Relief from Judgment, in which he sought to have set aside a criminal forfeiture imposed as part of a criminal sentence entered on March 29, 1991.  The defendant raises two arguments on appeal: (1) that the forfeiture of property from his brother, Seyed Jomeeh Mosavi ("Jomeeh"), violated the defendant's Fifth Amendment right to due process because the property forfeited in fact belonged to the defendant and not his brother, and (2) that no legitimate basis exists for the government's forfeiture of $25,936.23 from the defendant as part of his 1991 sentence. Finding that the district court lacked the subject matter jurisiction necessary to provide Rule 60(b)

relief, we affirm the order of the district court denying the defendant's motion.

## I.

On March 27, 1991, the defendant, represented by counsel, pled guilty in the United States District Court for the Northern District of Alabama to one count of illegally structuring financial transactions in violation of 31 U.S.C. § 5324(3), and one count of food stamp fraud in violation of 7 U.S.C. § 2024(b). The defendant's brother and co-defendant, Jomeeh, pled guilty to similar charges at the same time. On March 29, 1991, the district court sentenced the defendant and Jomeeh. Both the defendant and his brother recieved sentences that mandated the forfeiture of certain real properties held seperately by the defendant and Jomeeh. In accordance with the terms of defendant's plea agreement with the government, the defendant later paid the cash equivalent of $25,936.23 plus accumulated interest in lieu of real property in satisfaction of the forfeiture portion of his sentence. In satisfaction of the forfeiture provisions of his sentence, Jomeeh forfeited his grocery store business located in Huntsville, Alabama.

The defendant and Jomeeh subsequently tried to appeal those convictions to this Court and the Supreme Court without success. On March 11, 1997, nearly 6 years after his conviction and sentence, the defendant filed a pro se "Motion for Relief from Judgment", pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The defendant's motion challenged the 1991 criminal forfeiture of real property from his brother Jomeeh, since, the defendant argued, he had owned the property in question since June of 1988. The district court denied his motion for relief and the defendant filed this appeal.

## II.

On appeal, the defendant contends the following. First, the defendant argues that the 1991 criminal forfeiture of real property taken as part of his brother's sentence was a taking of his property without due process in violation of the Fifth Amendment. Second, the defendant

2

challenges the legitimacy of the $25,936.23 forfeiture to which he was sentenced, since the particular indictment count to which he pled guilty contained no forfeiture provision.

There is no dispute that the appeal at issue challenges criminal forfeiture orders of criminal proceedings to which the defendant was a party. It is also clear that the defendant, in this appeal, is challenging the district court's denial of a Fed. R. Civ. P. 60(b) motion. We hold that the defendant cannot challenge the criminal forfeiture orders at issue under the Federal Rules of <u>Civil</u> Procedure. Rule 1 of the Federal Rules of Civil Procedure unamgiguously provides that "[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature . . . ." The judgment and order that the defendant contests were entered, not in a civil case, but in a criminal case, and a proper appeal of the forfeitures should have been raised in the defendant's criminal appeal of his conviction and sentence. Rule 60(b) simply does not provide for relief from judgment in a criminal case, and as such the defendant cannot challenge the criminal forfeitures at issue under Fed. R. Civ. P. 60 (b). <u>See</u> <u>United States v. Ramsey</u>, 106 F.3d 404, No. 95-2854, (7th Cir. Jan. 9, 1997) (unpublished order).[1]

For the aforementioned reasons, we affirm the order of the district court denying the defendant's Rule 60(b) motion.


AFFIRMED.

---

[1]Further, the criminal forfeitures at issue cannot be challenged by a writ of <u>error coram nobis</u>. A writ of <u>error coram nobis</u> is a limited remedy of last resort, and this remedy is unavailable given that the defendant could have raised these issues on direct criminal appeal and failed to do so. <u>See</u> <u>United States v. Swindall</u>, 107 F.3d 831, 834 (11th Cir. 1997).