**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 99-7601**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL DENNIS OLDS,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, District Judge.  (CR-96-30-F)

───────────────

Submitted:  March 28, 2000          Decided:  April 20, 2000

───────────────

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Michael Dennis Olds, Appellant Pro Se.  John Samuel Bowler, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Michael Dennis Olds appeals the district court's order denying his motion filed under Fed. R. Civ. P. 60(b), in which he relied on United States v. Miller, 77 F.3d 71 (4th Cir. 1996), to challenge a portion of the criminal judgment imposing an $8800 fine. We have reviewed the record and the district court's opinion and find no reversible error. We agree with the district court that Olds improperly invoked the Federal Rules of Civil Procedure to collaterally attack a criminal judgment. See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). Moreover, to the extent that the district court construed Olds' motion as a petition filed under 28 U.S.C. § 2241 (1994), the district court properly denied relief on the merits. Accordingly, we affirm on the reasoning of the district court. See United States v. Olds, No. CR-96-30-F (E.D.N.C. Oct. 25, 1999).* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

* Although the district court's final judgment order is marked as "filed" on October 21, 1999, the district court's records show that it was entered on the docket sheet on October 25, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

2