**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Al S. FORD, Defendant–Appellant.**

**No. 01–5496.**

United States Court of Appeals,
Sixth Circuit.

Oct. 29, 2001.

Before NELSON, DAUGHTREY, and MOORE, Circuit Judges.

## ORDER

Al S. Ford, a pro se federal prisoner, appeals a district court's judgment denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b)(6). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, a federal jury found Ford guilty of possessing with intent to distribute approximately 480 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Ford to 168 months of imprisonment. This court affirmed Ford's conviction and sentence on appeal.

In 1997, Ford moved the court to vacate his sentence pursuant to 28 U.S.C. § 2255. In that motion, Ford challenged the legality of the search and his arrest, claimed ineffective assistance of counsel, and argued that the district court erred in enhancing his sentence for cocaine base. The district court denied Ford's § 2255 motion, and this court denied Ford's application for a certificate of appealability.

In January 2001, Ford, seeking to reverse his 1994 conviction, moved the district court for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6). He asserted that he was stopped by Drug Enforcement Administration Agents because he is black, and that a DEA Special Agent gave perjured testimony during the suppression hearing and the trial. The district court denied Ford's Rule 60(b) motion, and Ford appeals that judgment. In his timely appeal, Ford essentially reasserts the claims set forth in the district court and argues that the district court abused its discretion in denying his Rule 60(b) motion.

We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir.1993). An abuse of discretion exists where the reviewing court reaches a definite and firm conviction that the trial court committed a clear error of judgment. *Powers v. Bayliner Marine Corp.*, 83 F.3d 789, 796 (6th Cir.1996). An appeal from the denial of a Rule 60(b) motion does not bring the underlying judgment up for review. *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir.1995) (per curiam) (collecting cases).

The district court did not abuse its discretion when it denied Ford's motion. Ford's motion is an admitted attempt to overturn his criminal conviction on the authority of Fed.R.Civ.P. 60. A party may not seek relief from a criminal sentence under Fed.R.Civ.P. 60(b), because Rule 60(b) is not applicable to criminal proceedings. Fed.R.Civ.P. 1; *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam). Thus, Ford is not entitled to Rule 60(b) relief, and the district court properly denied his motion.

Accordingly, we hereby affirm the district court's judgment denying Ford's Rule 60(b) motion. Rule 34(j)(2)(C), Rules of the Sixth Circuit.