UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

DERRICK DEMONT ABNEY; LANDRICK
ADRIAN-ADREIAL ABNEY,
　　　　　　　*Defendants-Appellants.*

No. 01-4541

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

LANDRICK ADRIAN-ADREIAL ABNEY,
　　　　　　　*Defendant-Appellant.*

No. 02-6031

Appeals from the United States District Court
for the District of South Carolina, at Anderson.
G. Ross Anderson, Jr., District Judge.
(CR-00-900)

Submitted: March 25, 2002

Decided: April 15, 2002

Before WIDENER, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Derrick Demont Abney, Landrick Adrian-Adreial Abney, Appellants Pro Se. Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Brothers Derrick and Landrick Abney appeal their convictions of conspiracy to distribute cocaine base and possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 2000), and possession and use of a firearm during a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1) (West 2000). Landrick also appeals the denial of his Fed. R. Civ. P. 59(e) and 60(b) motions. We affirm.

The Abney brothers both pled guilty without the benefit of a plea agreement to conspiracy to distribute crack cocaine, possession with intent to distribute crack cocaine, and possession and use of a firearm during a drug trafficking crime. After a thorough hearing held pursuant to Fed. R. Crim. P. 11, the district court accepted the Abneys' guilty pleas and sentenced each to sixty-three months' imprisonment on counts one and seven, to be served concurrently, and sixty months as to count eight, to be served consecutively to the terms imposed on counts one and seven, for total terms of incarceration of 123 months; four year supervised release terms; 200 hours of community service; and $300 in special assessments.

In No. 01-4541, the Abneys timely appealed their criminal convictions and sentences. While that appeal was pending, they filed a motion to set aside the judgments pursuant to Fed. R. Civ. P. 60(b)

and a motion to alter or amend the judgments pursuant to Fed. R. Civ. P. 59(e), which the district court denied. Landrick appealed the denial of the Rule 59(e) and 60(b) motions.

First, we find the district court did not abuse its discretion in finding the Abneys were sufficiently informed of the elements of the firearms charges, sufficient factual basis existed supporting their guilty pleas to the use or carrying of the firearms, and *Bailey v. United States*, 516 U.S. 137 (1995), does not affect the validity of their pleas or convictions under § 924(c). *See United States v. Mitchell*, 104 F.3d 649, 653-54 (4th Cir. 1997) (defining "carry").

Next, the Abneys claim their counsel rendered constitutionally inadequate assistance by failing to inform them of their options surrounding their pleas. While guilty pleas are not normally subject to collateral attack, they may be challenged on the ground they were not knowing and voluntary. *Bousley v. United States*, 523 U.S. 614, 621 (1998). Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, such claims must ordinarily be pursued in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2001). *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule is recognized when the record conclusively establishes ineffective assistance of counsel. *Id.* To succeed on a claim of ineffective assistance of counsel, a defendant must show his counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). In the context of a conviction following a guilty plea, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Testimony at the plea hearings established the Abneys' competency. The brothers testified they had ample opportunity to discuss their cases with their counsel and were at that time satisfied with their legal representation and had no complaints. They understood that by pleading guilty they were waiving certain constitutionally guaranteed rights. The Abneys acknowledged the Government would have to

prove and could prove the charges upon which the grand jury indicted them, including charges they knowingly used and carried firearms during and in relation to drug trafficking crimes. When the district court informed them as to the potential maximum sentences for the charges, the Abneys had no questions. They stated no one made any promises or predictions that induced them to plead guilty, and they acknowledged their guilt.

We find the Abneys failed to overcome the formidable barrier their sworn statements now pose to their claims. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). The record evidences their pleas were intelligently and voluntarily entered and were supported by a factual basis. We find the Abneys' claims of ineffective assistance of counsel are not cognizable in this direct appeal.

The Abneys also claim their trial counsel provided ineffective assistance by failing to make the sentencing court aware of their substantial assistance for purposes of obtaining a downward departure. However, because the record does not conclusively show counsel was ineffective, this claim is not cognizable on direct appeal. Accordingly, we decline to consider this claim, which can be raised in a motion to vacate sentence under 28 U.S.C.A. § 2255 (West Supp. 2001).* *See United States v. Smith*, 62 F.3d 641, 650 (4th Cir. 1995).

Finally, because the Federal Rules of Civil Procedure do not provide a vehicle by which Landrick may challenge his criminal judgment, we reject his contention the district court abused its discretion in denying the post judgment Rule 59(e) and 60(b) motions. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (holding that defendant cannot challenge orders entered in criminal case using Rule 60(b) of Federal Rules of Civil Procedure).

Accordingly, we affirm the Abneys' convictions and sentences in No. 01-4541 and the district court's denial of the post judgment Rule 59(e) and 60(b) motions in No. 02-6031. We dispense with oral argu-

---

*Moreover, there is no evidence of governmental bad faith or unconstitutional motive in not moving for downward departures based on substantial assistance. *See United States v. Snow*, 234 F.3d 187, 190 (4th Cir. 2000).

ment because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*