**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Brennan James CALLAN, Defendant–Appellant.**

No. 02–5719.

United States Court of Appeals, Sixth Circuit.

Aug. 4, 2003.

Before: KENNEDY, GILMAN, and GIBBONS, Circuit Judges.

## ORDER

Brennan James Callan appeals pro se from a district court order that denied his motion for relief from judgment, filed under Fed.R.Civ.P. 60. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1999, Callan was convicted of tampering with a vessel in violation of 18 U.S.C. § 2275. On June 30, 1999, he was sentenced to thirty months of imprisonment and three years of supervised release. That sentence was affirmed on direct appeal. *United States v. Callan*, 22 Fed. Appx. 434 (6th Cir.2001) (unpublished), *cert. denied*, 535 U.S. 1004, 122 S.Ct. 1577, 152 L.Ed.2d 496 (2002).

In his Rule 60 motion, Callan primarily alleged that the charges against him should have been tried as an admiralty matter, rather than a criminal case. The district court denied this motion on February 25, 2002. The court subsequently denied Callan's motion for reconsideration, and he now appeals. He has filed motions seeking a writ of mandamus and other miscellaneous relief.

An appeal from the denial of a Rule 60 motion does not bring the underlying judgment up for review. *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir.1995) (per curiam) (collecting cases). We examine the district court's denial of a motion under Rule 60 for an abuse of discretion on appeal. *Id.*

The district court did not abuse its discretion by denying Callan's motion because it was filed under a rule of civil procedure that is not applicable in a criminal proceeding. *See* Fed.R.Civ.P. 1 *and* 81; *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir.1998). Indeed, Callan now states that he wishes to "dismiss" the references to Rule 60 from his pleadings.

Instead, Callan argues that the district court lacked jurisdiction over his criminal case and that his case should have been resolved as a civil matter in admiralty. He relies on 18 U.S.C. § 7, which defines the "special maritime and territorial jurisdiction of the United States," as that phrase is used in Title 18. Thus, Callan apparently argues that criminal jurisdiction for his conduct rests with the State of Kentucky where the vessel was docked, rather than with the United States.

This argument is unpersuasive because Callan was convicted of violating 18 U.S.C. § 2275, a criminal statute that does not include the phrase "special maritime

and territorial jurisdiction of the United States." His argument is also refuted by 18 U.S.C. § 3231, which gives the federal district courts "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Thus, the district court had jurisdiction over Callan's criminal case. *See United States v. Hamilton,* 263 F.3d 645, 655–56 (6th Cir.2001), *cert. denied,* 535 U.S. 1007, 122 S.Ct. 1584, 152 L.Ed.2d 502 (2002); *United States v. Mundt,* 29 F.3d 233, 237 (6th Cir.1994).

Accordingly, all pending motions are denied and the district court's denial of Callan's Rule 60 motion is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.