[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 18, 2005
THOMAS  K. KAHN
CLERK

No. 04-14575
Non-Argument Calendar

_____

D. C. Docket No. 00-00029-CR-5-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOTTIE SONJA CALHOUN TIBBITS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 18, 2005)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Lottie Sonja Calhoun Tibbits, a federal prisoner, appeals the district court's

denial of her "Motion under Rule 60(b)(1) and Sentencing Guideline U.S.S.G. § 5G1.3(b)" to correct or reconsider the sentence she is serving as the consequence of pleading guilty to a marijuana conspiracy. She contends that the district court should have granted her motion for the following reasons:

(1) she had served two prior prison sentences totaling 40 months, and pursuant to U.S.S.G. § 5G1.3(b), her current sentence should be reduced by 40 months;

(2) her prior crimes were "part and parcel" of the instant criminal conduct; and

(3) her current sentence should not have been enhanced pursuant to U.S.S.G. § 4A1.1(a) on the basis of her two prior prison sentences because those sentences were more than 15 years old and U.S.S.G. § 4A1.2(e) precluded the court from considering them.

**The Rule 60 (b) motion**

Rule 60(b) of the Federal Rules of Civil Procedure is a civil remedy and "simply does not provide for relief from judgment in a criminal case." United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). Hence, the court could not have afforded Tibbits Rule 60(b) relief.

**The U.S.S.G. § 5G1.3(b) motion**

In 2001, when Tibbits was sentenced, § 5G1.3(b) provided:

> If . . . the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

See 2001 Federal Sentencing Guidelines Manual, U.S.S.G. § 5G1.3(b). In 2003, the section was amended to provide:

> If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) or Section 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
> > (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
> > (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

See 2003 Federal Sentencing Guidelines Manual, amend. 660. Section 5G1.3(b) seeks "to provide one, uniform punishment for the same criminal activity." United States v. Fuentes, 107 F.3d 1515, 1522 (11th Cir. 1997). Section 5G1.3(b) is a part of the safeguards built into the Sentencing Guidelines to protect a defendant

3

against having the length of her sentence multiplied by duplicative considerations of the same criminal conduct.  Id.

Section 4A1.2(e) provides:

(1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. (. . .)
(2) Any other sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.
(3) Any prior sentence not within the periods specified above is not counted.

See U.S.S.G. § 4A1.2(e).

The district court did not enhance Tibbits's sentence based on the drug offenses she committed in 1984 (marijuana) and 1987 (cocaine) for which she was convicted and sentenced.  Rather, the court held her accountable for more than the 100 kilograms of marijuana that provided the factual basis for her guilty plea.  The court did not hold her accountable for the conduct underlying the 1984 and 1987 offenses because such conduct had nothing to do with—was entirely irrelevant to—the marijuana conspiracy involved in the instant case.

Neither did the court err in considering Tibbits's 1984 offense, for which she was convicted in 1985.  The conspiracy charged in the instant indictment began in 1997.  Thus, the period between the 1985 marijuana conviction and the commencement of the instant conspiracy in 1997 did not exceed the 15-year limit

4

prescribed by § 4A1.2(e).

AFFIRMED.