[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
September 29, 2005
**THOMAS  K. KAHN**
**CLERK**

No. 05-12058
Non-Argument Calendar
_____

D. C. Docket No. 93-00148-CR-ORL-18-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES MARCELLUS DAVIS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 29, 2005)**

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

James Marcellus Davis, Jr. appeals the denial of his motion pursuant to

Federal Rule of Civil Procedure 60(b) to vacate a final order of forfeiture.  The

appeal requires us to determine whether the district court had subject matter jurisdiction to entertain Davis's Rule 60(b) motion.

## I. BACKGROUND

In 1993, a jury found Davis guilty of conspiracy to possess with intent to distribute 50 grams of cocaine base, in violation of 21 U.S.C. § 846. R4-345. The indictment against Davis had included a forfeiture provision pursuant to 21 U.S.C. § 853, under which, upon conviction, Davis would forfeit to the United States any property constituting or derived from proceeds from the charged violations or used in any manner to commit any part of those violations. R2-173 at 3-4. The jury further found that $25,651 had been used to commit or to facilitate the commission of the offense. R4-353.

The court granted the government's motion for a preliminary order of forfeiture as to the $25,651 and a $2,565 cost bond that Davis had posted. R4-374. In this preliminary order, the court stated that, "upon adjudication of all third-party interests, [it would] enter a Final Order of Forfeiture." Id. at 2. On 17 February 1994, the court sentenced Davis to a term of life imprisonment.[1] R4-406 at 2. There was no reference to the forfeiture provision in the judgment or at the sentencing hearing. See generally id.; R21. In June 1996, upon the government's

_____

[1] In October 1997, the district court modified Davis's sentence to a term of 360 months imprisonment. R5-544. This amendment did not refer to forfeiture. See generally id.

motion, the district court entered a final order of forfeiture. R5-523. We have affirmed Davis's conviction and sentence. R5-540.

Subsequently, Davis filed a motion pursuant to Fed. R. Crim. P. 41(e) (now 41(g)) for return of forfeited property, which the district court denied. R8-747; see R8-753. The court also denied Davis's motion to reconsider. R8-753. Davis appealed; we affirmed. R8-777. Davis then filed his "Motion for Relief From Judgment on Order Pursuant to Fed.R.Civ.P. 60(b)(3)(4) and/or (6)," asking the court to vacate the final order of forfeiture and requesting relief from the order denying his Rule 41(g) motion. R8-768. Davis argued that, because the court failed to attach a forfeiture order to his judgment of conviction, the district court had lost jurisdiction, and the government was barred from seizing his property. Id. at 3. Alternatively, Davis argued that, if the district court determined that it was unable to grant relief pursuant to Rule 41(g) because the motion had been filed after his criminal proceedings ended, then "[the court] should . . . move to exercise equitable jurisdiction" to consider the merits of returning his property. Id. The government responded that, because Davis had already filed one unsuccessful motion for the return of his forfeited property, the court should not entertain the new motion. The district court denied Davis's Rule 60(b) motion without issuing an opinion. R8-773.

3

On appeal, Davis repeats the arguments in his original Rule 60(b) motion. The government argues that he may not challenge a criminal forfeiture order through Fed. R. Civ. P. 60(b), and that, accordingly, the district court was without subject matter jurisdiction to consider it.

## II. DISCUSSION

We review issues of subject-matter jurisdiction de novo. University of South Alabama v. American Tobacco Co., 168 F.3d 405, 408 (11th Cir. 1999). The Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a civil nature." Fed. R. Civ. P. 1. Although Rule 60(b) provides for relief from a final judgment, it does not provide for relief from judgment in a criminal case and, therefore, cannot be used to challenge criminal forfeiture orders. United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam).

There is no dispute that Davis's appeal challenges a forfeiture order related to criminal proceedings against him. It is also undisputed that Davis here challenges the district court's denial of a Rule 60(b) motion. For these reasons, we discern no reversible error in the district judge's refusal to consider Davis's Rule 60(b) motion.

### III. CONCLUSION

Davis has appealed the district court's denial of his motion to vacate a final order of forfeiture, pursuant to Rule 60(b).  Because the district court lacked the jurisdiction necessary to provide Rule 60(b) relief, we **AFFIRM.**