[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 14, 2008
THOMAS K. KAHN
CLERK

No. 07-14599
Non-Argument Calendar

_____

D. C. Docket No. 98-14010-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT CLARENCE POTTS, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 14, 2008)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Robert Clarence Potts, III, appeals the district court's denial of his pro se motion brought pursuant to Fed.R.Civ.P. 60(b). For the reasons set forth below, we affirm.

**I.**

In 1998, a federal grand jury returned a superseding indictment, charging Potts with: possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 1); possession of unregistered firearms, in violation of 26 U.S.C. §§ 5861(d) and 5871, and 18 U.S.C. § 2 (Count 2); use of a firearm in relation to a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 2 (Count 3); and being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2). After a jury trial, the court entered a judgment of conviction against Potts on Counts 1, 2, and 4, imposing a life sentence as to Count 1 and concurrent sentences of 120 months' imprisonment as to Counts 2 and 4. After a direct appeal and a remand from the Supreme Court in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we affirmed Potts's convictions and sentences in 2001.

In 2007, Potts's filed the instant Fed.R.Civ.P. 60(b)(3) motion, arguing that "the Honorable Magistrate Judge and the Government Attorneys perpetrated fraud upon the federal court by misinforming Petitioner at arraignment about the possible

maximum penalty he faced on the Count One Drug Charge." Specifically, Potts argued that, despite being informed that he faced a maximum sentence of life imprisonment, he was subject only to a statutory maximum sentence of 30 years' imprisonment under 21 U.S.C. § 841(b)(1)(C) because no drug quantity was charged in the indictment. As a result, he requested that the district court "reverse the conviction and sentences in the instant case . . . ." The motion was filed in the same court and under the same case number as the original criminal case.

The district court summarily denied Potts's Rule 60(b) motion without explanation. This appeal followed.

## II.

"This court typically reviews a district court's ruling upon a Rule 60(b) motion for abuse of discretion." Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001). However, we "review questions concerning a district court's subject matter jurisdiction de novo." United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008) (emphasis added), petition for cert. filed, (U.S. No. 08-137) (July 30, 2008).

Rule 60(b) of the Federal Rules of Civil Procedure provides, inter alia, that the district court "may relieve a party or its legal representative from a final judgment, order, or proceeding" if there is "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."

3

Fed.R.Civ.P. 60(b)(3). However, it is well-established that the Federal Rules of Civil Procedure do <u>not</u> provide for relief from judgment in a criminal case. <u>See</u> Fed.R.Civ.P. 1 ("These rules govern the procedure in all <u>civil</u> actions and proceedings . . . .") (emphasis added).

In <u>United States v. Mosavi</u>, 138 F.3d 1365, 1366 (11th Cir. 1998), a defendant brought a Rule 60(b) motion challenging criminal forfeiture orders entered in his criminal case. Concluding that the "district court lacked the subject matter jurisdiction necessary to provide relief under Rule 60(b)," we affirmed the district court's denial of the Rule 60(b) motion. <u>Id.</u> at 1365-66. We explained "that the defendant cannot challenge the criminal forfeiture orders at issue under the Federal Rules of Civil Procedure" because "[t]he judgment and order that the defendant contests were entered, not in a civil case, but in a criminal case . . . ." <u>Id.</u> at 1366. In other words, "Rule 60(b) simply does not provide for relief from judgment in a criminal case, and as such the defendant cannot challenge the criminal forfeitures at issue under Fed.R.Civ.P. 60(b)." <u>Id.</u>

**III.**

In this case, there is no dispute that Potts's Rule 60(b) motion sought relief from the judgment in his criminal case. In the motion, he argued that, due to the indictment's failure to allege drug quantity, he was misinformed regarding the

4

applicable statutory penalties. In his prayer for relief, he specifically requested the district court to "reverse his conviction and sentences in the instant case." Further, the motion was filed in the same court and under the same case number as the original criminal case. Nor did the motion refer to or request the district court to reconsider any previous ruling in a civil action. In sum, because Potts's Rule 60(b) motion sought relief from the judgment entered in his criminal case, the district court lacked subject matter jurisdiction to grant Potts relief. Mosavi, 138 F.3d at 1365-66. Accordingly, we affirm.

**AFFIRMED.**