[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14664
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 97-08075-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE MIMS,
a.k.a. Andre Horton,
a.k.a. Trevor Wilkens,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 23, 2009)

Before BIRCH, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Andre Mims ("Mims"), proceeding pro se, appeals the district court's denial of his motion to revisit, reconsider, and vacate his sentences under Federal Rule of Civil Procedure 60(d)(3). Mims argues that the district court's application of a five-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(7)(F) was fraudulently induced. He also appears to invoke the law-of-the-case doctrine in support of his central argument that the district court erred in denying his motion. We conclude that Mims's arguments are without merit and AFFIRM.

## I. BACKGROUND

We have had occasion to deal with Mims before and so need not recite the underlying facts of his offense in any great detail.[1] See United States v. Mims, 97 Fed. Appx. 904 (11th Cir. 2004). Our concern in this case involves only the district court's application of a five-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(7)(F) (Nov. 2001) during the sentencing phase of Mims's trial. The district court applied the enhancement because the amount of loss associated with the underlying robbery was found to be $1,896,341. PSI ¶ 20. We note that the

---

[1] A jury found Mims guilty of two counts of obstructing, delaying, and affecting commerce by robbery by means of force, violence, and fear of injury in violation of 18 U.S.C. § 1951(a), two counts of knowingly using and carrying a firearm in and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), and two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). PSI ¶ 1. The district court sentenced him to 410 months of imprisonment – 110 months for the counts under §§ 1951(a), 922(g)(1), and 924(a)(2), 60 months for one count under § 924(c), and 240 months for the other count under § 924(c), all running consecutively.

presentence report initially reflected the loss amount as $1,900,000 but Mims objected to that amount and maintained that the amount established at trial was actually $1,896,341. PSI 3d Add. at 6. The government concurred and the district court ultimately set the amount of loss at $1,896,341, resulting in a five-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(7)(F).

Mims now argues that the amount of loss established at trial was not accurate. In support of his argument, Mims relies solely on a class action lawsuit originating in the United States District Court for the District of New Jersey. See generally Sullivan v. DB Invs., Inc., Civil Action No. 04-2819, 2008 U.S. Dist. LEXIS 81146 (D.N.J. May 22, 2008). The suit alleged, inter alia, that the diamond supplier, De Beers, engaged in price fixing over a period of several years, artificially inflating the price of polished diamonds on the world market. See id. Mims contends De Beers's conduct constitutes a fraud on the court as contemplated under Rule 60(d)(3). Alternatively, he appears to argue that, in light of the lawsuit against De Beers, the district court erred in failing to recognize that its application of the § 2B3.1(b)(7)(F) enhancement was clearly erroneous and manifestly unjust pursuant to the law-of-the-case doctrine.

## II. DISCUSSION

We "review[] a district court's ruling upon a Rule 60(b) motion for abuse of discretion." Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001). However, it is well established that a defendant cannot challenge a criminal judgment or order under the Federal Rules of Civil Procedure, including Rule 60(b). See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam). Our precedent regarding the law-of-the-case doctrine is equally well settled. "Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case." United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997) (citation omitted). The doctrine dictates that "a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." Id. (quotation marks and citation omitted). The law of the case must be followed "unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." Id. at 1561 (quotation marks and citation omitted).

Upon review of the record and consideration of the parties' briefs, and in

4

light of the state of the law as previously discussed, we discern no error. The district court did not abuse its discretion in denying Mims's Rule 60(d) motion because that Rule is unavailable to challenge a criminal judgment. See Mosavi, 138 F.3d at 1366. Moreover, the district court's finding regarding the value of the stolen jewelry became part of the law of the case after Mims failed to raise any issue regarding his sentence on direct appeal. See Escobar-Urrego, 110 F.3d at 1560. Although Mims seeks to avoid application of the law-of-the-case doctrine by arguing that the district court's decision was clearly erroneous and resulted in a manifest injustice, he has presented no evidence showing that the district court's finding regarding the value of the stolen jewelry was erroneous. Indeed, no new evidence has been called to our attention that suggests even the most tenuous link between the amount of loss established by the district court and the allegations in the De Beers class action suit. Consequently, Mims cannot avail himself of this exception to the law-of-the-case doctrine and so is precluded from re-litigating the issue. See id. at 1561.

## III. CONCLUSION

Mims appeals the district court's denial of his Rule 60(d) motion. Because Rule 60(d) cannot be used to challenge a criminal judgment and the "new evidence" exception to law-of-the-case doctrine is inapplicable, we AFFIRM.

5

**AFFIRMED.**