[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-13535
Non-Argument Calendar

_____

D. C. Docket No. 05-00121-CR-T-E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MALIK ELAWAD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(November 16, 2009)

Before DUBINA, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Malik Elawad appeals *pro se* the district court's denial of his Fed.

R. Civ. P. 60(b) motion to vacate. Elawad filed the Rule 60(b) motion to challenge the district court's prior denial of his Fed. R. Crim. P. 36 motion.

On appeal, Elawad argues that the district court erred in denying his Rule 60(b) motion because it did not make factual findings or explain its conclusion. He argues that the district court's conclusory order was an abuse of discretion because it "denied this Court meaningful review by failing to issue an opinion in support of [the] order." Appellant Br. at 6.

"We review questions concerning a district court's subject matter jurisdiction *de novo*, and we may affirm for any reason supported by the record, even if not relied upon by the district court." *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (internal citations and quotation marks omitted).

The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts." Fed. R. Civ. P. 1. Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding" under certain circumstances. Rule 60(b), however, does not provide for relief from a criminal order in a criminal proceeding. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). In *Mosavi*, the defendant appealed the district court's denial of a Rule 60(b) motion in a criminal forfeiture proceeding, and we determined that "the district court lacked the subject matter

2

jurisdiction necessary to provide Rule 60(b) relief" and affirmed the denial of that

motion. *Id.* at 1365. We reasoned:

> The judgment and order that the defendant contests were entered, not in a civil case, but in a criminal case, and a proper appeal of the forfeitures should have been raised in the defendant's criminal appeal of his conviction and sentence. Rule 60(b) simply does not provide for relief from judgment in a criminal case, and as such the defendant cannot challenge the criminal forfeitures at issue under Fed. R. Civ. P. 60(b).

*Id.* at 1366.

Here, the district court did not err in denying Elawad's Rule 60(b) motion

because, as a rule of civil procedure, it is unavailable to challenge the denial of a

motion in his criminal case. Accordingly, we affirm the district court's order

denying the Rule 60(b) motion to vacate.

**AFFIRMED.**