[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 11, 2010
JOHN P. LEY
ACTING CLERK

_____

No. 08-14330
Non-Argument Calendar

_____

D. C. Docket No. 92-00026-CR-BH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS A. DIAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(January 11, 2010)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Carlos Diaz, *pro se*, appeals the district court's denial of his Federal Rule of

Civil Procedure 60(b) motion seeking reconsideration of the district court's order granting the Government's motion for a sentence reduction from life to a 30-year sentence. In his brief, he claims that, although he provided substantial assistance to the Government, he did not receive any credit for his participation and did not receive a sentence reduction.

Rule 60(b) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" under certain circumstances. Fed. R. Civ. P. 60(b)(1)-(6). Rule 60(b), however, "does not provide for relief from judgment in a criminal case." *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

In *Mosavi*, for example, a defendant appealed the district court's denial of his Rule 60(b) motion challenging an order in his criminal forfeiture proceeding. *Id*. at 1365. We held that the district court lacked the subject matter jurisdiction necessary to provide Rule 60(b) relief and affirmed the denial of that motion. *Id*. We held that the "judgment and order that the defendant contest[ed] were entered, not in a civil case, but in a criminal case, and a proper appeal . . . should have been raised in the defendant's criminal appeal of his conviction and sentence." *Id*. at 1366.

Here, Diaz's Rule 60(b) motion challenges an order in his criminal case. As

2

we held in *Mosavi*, the district court lacked jurisdiction to entertain the motion. Its judgment denying relief is, accordingly,

AFFIRMED.