[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15525
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 8, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-60219-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABEL RIVAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 8, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Abel Rivas appeals pro se the district court's denial of his Fed.R.Civ.P.

60(b) motion. Rivas argues that the district court abused its discretion in denying

his Rule 60(b) motion based on his argument that after he pled guilty to the offense

of conviction, he requested that his counsel file an appeal, and counsel promised to do so, but no notice of appeal was ever filed. After careful review, we affirm.

We review a district court's denial of a Rule 60(b) motion for abuse of discretion. Crapp v. City of Miami Beach, 242 F.3d 1017, 1019 (11th Cir 2001). The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts." Fed.R.Civ.P. 1. Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding" under certain circumstances. Fed. R. Civ. P. 60(b). However, Rule 60(b) does not provide for relief from a criminal order in a criminal proceeding. See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998).

Here, the district court initially construed Rivas's motion as one requesting leave to file an out-of-time appeal. Rivas, in a motion to reconsider, expressly informed the district court that he was seeking relief under Rule 60(b). That civil rule is unavailable to offer relief from the judgment in his criminal case. See id. Because Rivas insists on appeal that he intended to rely on Rule 60(b) and not 28 U.S.C. § 2255, the district court did not err in failing to recharacterize his pleadings, and properly denied him relief.

**AFFIRMED.**