[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11216
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cr-00038-JES-SPC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID ELKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 25, 2011)

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

David Elkins appeals pro se the denial of his postjudgment motions challenging the special condition of his probation that requires mental health treatment. We affirm.

Elkins pleaded guilty to assaulting two agents of the Drug Enforcement Administration. Psychologist Joanna Mulder diagnosed Elkins with delusional disorder and intermittent explosive disorder, and the district court imposed a sentence of probation with a special condition that Elkins "participate as directed in a program of mental health treatment . . . approved by [his] Probation Officer." Elkins's probation officer scheduled a meeting with Elkins after he requested information about whether the Administration was following him in an airplane. When Elkins failed to report to the meeting, his probation officer moved to revoke his probation. At a revocation hearing, Elkins admitted that he had violated a term of his probation. The district court reinstated Elkins's sentence of probation with the same special condition regarding mental health treatment.

Elkins filed two motions challenging the special condition of his probation. Elkins moved for an injunction to "protect[] him against further demands and requests" of his probation officer "for additional psychological evaluations." In an affidavit attached to the motion, Elkins alleged that additional mental examinations would violate his rights under the "[F]irst, [F]ourth, and [F]ifth"

2

Amendments and he challenged Mulder's diagnosis. Elkins also moved the district court, under Federal Rule of Civil Procedure 60(b)(3), to reconsider the special condition of probation. Elkins argued that the government had perpetrated a "fraud upon the court" because he had been maliciously prosecuted by the government and had been misdiagnosed by Mulder.

The district court correctly rejected Elkins's motions. Elkins failed to challenge the special condition by appealing either his sentence of probation or the reinstatement of his sentence following his revocation hearing. See 18 U.S.C. §§ 3562(b), 3742; Fed. R. App. P. 4(b). Elkins could not move the district court to reconsider his special condition of probation because "Rule 60(b) simply does not provide for relief from judgment in a criminal case," United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998).

We **AFFIRM** the order that denied Elkins's postjudgment motions.