[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10256
Non-Argument Calendar
_____

D.C. Docket No. 0:07-cr-60230-DMM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO RAMOS PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 15, 2012)

Before TJOFLAT, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

Eduardo Perez pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 and was sentenced to 120 months imprisonment. Over three and a half years later, Perez challenged his conviction by filing a pro se motion under Fed. R. Civ. P. 60(b), arguing that his conviction was a miscarriage of justice and requesting that it be vacated. The district court asked Perez whether he wanted it to construe his filing as a motion to vacate sentence under 28 U.S.C. § 2255, but Perez insisted that he wanted the district court to rule on the merits of his Rule 60(b) motion. The district court then denied that motion on the ground that Rule 60(b) does not provide relief from a criminal conviction.

On appeal, we affirm. Rule 60(b) applies only in civil cases; a motion under that rule is not a proper way to challenge a criminal conviction or sentence. United States v. Mosavi, 138 F.3d 1365, 1365 (11th Cir. 1998); see also Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "govern the procedure in all civil actions in the United States district courts") (emphasis added). The district court offered to construe Perez's filing as a petition under the appropriate statute, but Perez declined. Nor has he argued to this Court that he is entitled to relief under any rule or statute other than Rule 60(b).

**AFFIRMED.**