[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11323
Non-Argument Calendar

_____

D.C. Docket No. 8:89-cr-00004-EAK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY EUGENE LEE,
a.k.a. Jed,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 11, 2014)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

BY THE COURT:

Jeffrey Eugene Lee is a federal prisoner serving a life sentence after being

convicted of one count of conspiracy to possess with intent to distribute cocaine

base and one count of distribution of cocaine base under 21 U.S.C. § 841(a)(1) and § 846. Proceeding pro se, he filed a "Motion to Close Escrow" in which he claimed his posting of a promissory note discharged his criminal judgment and required the district court to release him. The district court denied his motion and Lee filed this appeal.

In response, the government moved for summary affirmance. Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

Summary affirmance is appropriate in Lee's case because the position of the government is clearly right as a matter of law that there can be no substantial question as to the outcome of the case. There is no statutory or legal authority for the district court to accept payment in lieu of a life sentence. A district court's authority to modify a term of imprisonment is "narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Under 18 U.S.C. § 3582(c), a district court may modify a sentence only if (1) the Bureau of Prisons files a motion and certain other conditions are met; (2) a modification is

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.

expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) the defendant was sentenced based on a guidelines range that was later lowered by the Sentencing Commission and other requirements are met. Id. None of these circumstances is present in Lee's case, and as a result the district court has no authority to release him.

Because Lee's motion was filed in his criminal case and seeks a modification of his criminal sentence, the Federal Rules of Civil Procedure and civil statutes on which he attempts to rely do not apply. See Fed. R. Civ. P. 1. Any argument to the contrary is without merit. See United States v. Mosavi, 138 F.3d 1365, 1365–66 (11th Cir. 1998) (affirming after "[f]inding that the district court lacked the subject matter jurisdiction necessary to provide Rule 60(b) relief" because a defendant could not challenge a criminal forfeiture order using the Federal Rules of Civil Procedure).

To the extent that Lee relies in the alternative on Federal Rule of Criminal Procedure 46, this argument is also frivolous. Rule 46 covers a person's release pretrial, during trial, pending sentence or appeal, and pending hearing on a violation of probation or supervised release. Fed. R. Crim. P. 46(a)–(d). As a result, it does not apply to Lee's circumstances.

We note that even if the district court had construed his motion for release from custody as a 28 U.S.C. § 2255 motion for habeas relief, denial would have

been appropriate.  This is because Lee would not be entitled to habeas relief based on the submission of a promissory note for the reasons explained above.

All of Lee's remaining contentions on appeal depend on the district court having authority to discharge his criminal judgment after submission of a promissory note.  As a result, they are also frivolous.

Because there is no substantial question about the outcome of Lee's case, the government's motion for summary affirmance is GRANTED.  The judgment of the district court is AFFIRMED and the government's motion to stay the briefing schedule is DENIED as moot.