[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14485
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-00061-JES-UAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES NAVE, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 15, 2015)

Before JORDAN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Charles Nave, III, proceeding *pro se*, appeals the district court's dismissal without prejudice of his motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(3), (b)(4), and (d)(3), which sought to vacate his conviction and sentence for distributing material involving the sexual exploitation of minors. On appeal, Nave argues the district court abused its discretion by dismissing his Rule 60 motion because he demonstrated that a fraud upon the court had occurred and that the court based his conviction and sentence upon that fraud. We affirm.

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to "relieve a party . . . from a final judgment, order, or proceeding" for various reasons. *See, e.g.*, Fed. R. Civ. P. 60(b)(3) ("fraud . . ., misrepresentation, or misconduct by an opposing party"); (b)(4) ("the judgment is void"); (b)(6) ("any other reason that justifies relief"). Rule 60(b), however, "does not provide for relief from judgment in a criminal case." *United States v. Mosavi*, 138 F.3d 1365, 1365-1366 (11th Cir. 1998) (observing the Federal Rules of Civil Procedure apply only to civil, not criminal, proceedings). Therefore, the district court did not err in determining it lacked jurisdiction to grant Nave relief from his criminal judgment under Rule 60. *See id.* (holding "the district court lacked subject matter jurisdiction necessary to provide Rule 60(b) relief" in a criminal forfeiture proceeding).

**AFFIRMED**.

2