[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17056
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20074-UU-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACKSON VITAL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 7, 2017)

Before HULL, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

This appeal concerns the denial of a motion for relief from judgment under Federal Rule of Civil Procedure 60 that was mistakenly filed in a criminal action. Jackson Vital, proceeding pro se, appeals the denial of his Rule 60 motion. It is clear that Vital intended to file the motion in his proceeding under 28 U.S.C. § 2255, Vital v. United States, 1:14-cv-23421 (S.D. Fla.). The motion's opening paragraph challenges the district court's "previous decision on the Petitioner's 28 U.S.C. § 2255," and argues that the district court failed to consider his objections to the magistrate judge's report and recommendation. But because his Rule 60 motion listed only the related criminal case, United States v. Vital, 1:12-cr-20074 (S.D. Fla.), it was docketed in the criminal case, as opposed to Vital's § 2255 case. In the criminal case, the district court ruled on the merits of Vital's Rule 60 motion, denying his request for relief from judgment because the court had considered Vital's objections to the report and recommendation. The district court also noted that Rule 60(b) does not apply in criminal cases. This appeal followed.

The district court lacked jurisdiction to consider the merits of Vital's Rule 60 motion. As we have previously stated, "Rule 60(b) simply does not provide for relief from judgment in a criminal case." United States v. Mosavi, 138 F.3d 1365, 1365–66 (11th Cir. 1998) (per curiam). Vital's Rule 60 motion was docketed only in his criminal action, so the district court lacked subject matter jurisdiction to consider it in that case. See id. In light of the district court's lack of subject matter

2

jurisdiction, it erred in reaching the merits of Vital's Rule 60 motion.  We therefore vacate the district court's order and remand with instructions to deny Vital's Rule 60 motion for relief from judgment based on a lack of subject matter jurisdiction. Vital is free to file a new Rule 60 motion in his § 2255 action in the district court.

**VACATED AND REMANDED.**