[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10645

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LARRY ANDREWS,
a.k.a. Little Larry,
a.k.a. "L",

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:12-cr-00175-TJC-JBT-1

———————————

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM and BRASHER, Circuit Judges.

PER CURIAM:

Larry Andrews, a federal prisoner, appeals *pro se* the *sua sponte* dismissal of his motion for relief from his criminal judgment. *See* Fed. R. Civ. P. 60(b)(6). The United States moves for summary affirmance and to stay the briefing schedule. We grant the motion for summary affirmance and deny as moot the motion to stay the briefing schedule.

Andrews moved for relief from the sentence he received five years earlier for conspiring to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and for conspiring to commit money laundering, 18 U.S.C. § 1956(a)(1)(B)(i), (h). Andrews argued that *United States v. Whitsett*, 802 F. App'x 526 (11th Cir. 2020), established that the district court erred by enhancing his sentence for possessing a dangerous weapon, U.S.S.G. § 2D1.1(b)(1). Andrews argued that he was challenging a "procedural error" and that he was "not seeking relief on . . . [a] § 2255 petition."

21-10645                Opinion of the Court                3

The district court *sua sponte* dismissed Andrews's motion. The district court ruled that Rule 60(b) was a civil rule of procedure inapplicable to Andrews's criminal proceeding; he had expressly disclaimed that he sought to vacate his sentence, *see* 28 U.S.C. § 2255; the deadline to move to correct his sentence had long since expired, *see* Fed. R. Crim. P. 35; and he did not qualify for a reduction of his sentence, *see* 18 U.S.C. § 3582. The district court also ruled that Andrews's case was distinguishable from *Whitsett* and that *Whitsett* announced no new rule that would permit Andrews to file a second or successive motion to vacate, *see* 28 U.S.C. § 2255(h). Andrews filed a motion to reconsider, which the district court denied.

Summary affirmance is appropriate because the decision of the district court "is clearly right as a matter of law so that there [is] no substantial question as to the outcome of the case." *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). District courts lack the inherent authority to modify a defendant's sentence and "may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). Andrews does not dispute that he sought relief exclusively based on Rule 60(b) and that he was not entitled to any other form of relief. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). But "Rule 60(b) simply does not provide [Andrews an avenue] for relief from [the] judgment in . . . [his] criminal case . . . ." *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

4                     Opinion of the Court                     21-10645

Because the position of the United States is clearly right regarding the outcome of this appeal, we **GRANT** its motion to summarily affirm and **DENY AS MOOT** the accompanying motion to stay the briefing schedule. We also **DENY** the government's motion to dismiss this appeal as untimely.

**AFFIRMED.**