106 F.3d 404
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Regina RAMSEY, Defendant-Appellant.
 No. 95-2854.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 9, 1997.*
Decided Jan. 9, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS and PELL, Jr., Circuit Judges.
 
 ORDER
 
 1
 Regina Ramsey and four co-defendants were convicted in 1992 on charges of possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), conspiracy to possess cocaine with intent to distribute, 21 U.S.C. § 846, and using or carrying a firearm during or in relation to a drug trafficking crime, 18 U.S.C. § 924(c). Ramsey was sentenced to ten years' imprisonment. Ramsey and her co-defendants appealed to this court, which affirmed their convictions. United States v. Johnson, 26 F.3d 669 (7th Cir.), cert. denied, 115 S.Ct. 344 (1994).
 
 
 2
 In addition to her imprisonment, the district court ordered as part of Ramsey's sentence that she forfeit two parcels of real property (located at 3023 North 18th Street and 4462 North 37th Street in Milwaukee, Wisconsin) used to commit or facilitate the cocaine distribution offenses for which she was convicted.[1] See 21 U.S.C. § 853(a). Ramsey did not object to the forfeiture of the two parcels in the district court, nor did she raise any claims challenging the forfeitures in her appeal to this court. In 1995, however, Ramsey filed what she styled a "Motion for Relief from Final Judgment Pursuant to Rule 60(b)(6) [of the Federal Rules of Civil Procedure]." According to Ramsey, Rule 31(e) of the Federal Rules of Criminal Procedure required the jury in her case to return a special verdict as to the extent of her interest or property subject to forfeiture. The jury did not return such a verdict in her case, and accordingly, she claimed that the two parcels were not subject to forfeiture. The district court denied her motion, and this appeal followed.
 
 
 3
 As an initial matter, Ramsey cannot challenge the forfeiture orders under the Federal Rules of Civil Procedure. Rule 1 of the Federal Rules of Civil Procedure states that "[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature." Forfeiture under § 853(a) is an element of the sentence imposed for a criminal violation of federal drug laws. Libretti v. United States, 116 S.Ct. 356, 364 (1995); United States v. Ben-Hur, 20 F.3d 313, 317 (7th Cir.1994). The judgment and order Ramsey contests were entered not in a civil case, but in a criminal case. Because Rule 60(b) allows a party to move for relief only from a judgment or order in a civil case, Ramsey cannot challenge the forfeiture of the two parcels of real property in this case under Fed.R.Civ.P. 60(b)(6).
 
 
 4
 Nor do the Federal Rules of Criminal Procedure provide an avenue by which Ramsey may challenge the forfeiture orders. Rule 35 authorizes a district court to correct or reduce a sentence only upon remand from an appeal, upon motion of the government within one year of imposition of the sentence, or within seven days of the imposition of a sentence to correct a "clear error." Fed.R.Crim.P. 35. None of these provisions is applicable to Ramsey's case.
 
 
 5
 The United States urges us to construe Ramsey's challenge to the forfeiture orders as a petition under 28 U.S.C. § 2255. We cannot construe her motion that way, however. Section 2255 allows a person "in custody ... claiming the right to be released" to bring a collateral challenge to her continued detention. Ramsey is not claiming the right to be released; she is claiming the right to have her property returned to her, a claim not encompassed by § 2255. We previously have held that neither 28 U.S.C. § 2254 nor § 2255 authorizes a federal court to grant habeas corpus relief from monetary penalties in the form of fines. United States v. Keane, 852 F.2d 199 (7th Cir.1988), cert. denied, 490 U.S. 1084 (1989) (habeas corpus relief not available under § 2255 for remuneration of fines); Hanson v. Circuit Court, 591 F.2d 404, 407 (7th Cir.), cert. denied, 444 U.S. 907 (1979) (habeas corpus relief not available under § 2254 for remuneration of fines). We see no reason that the result should differ in cases in which the petitioner seeks relief from monetary penalties in the form of forfeiture of property, rather than in the form of fines.
 
 
 6
 Finally, we consider whether we may construe Ramsey's motion as seeking a writ of error coram nobis--indeed, in seeking relief under Fed.R.Civ.P. 60(b), Ramsey indicated her belief that Rule 60(b) had completely supplanted the writ of error coram nobis. Although the writ of error coram nobis is still available in criminal cases, see Keane, 852 F.2d at 202, it is unavailable for claims that could have been raised on direct appeal. Id. In this case, Ramsey could have raised her claim challenging the forfeiture of her property on direct appeal,[2] having failed to do so, she may not raise it now in a writ of error coram nobis. Moreover, the writ is not available to recover monetary penalties. Id. at 204; see also United States v. Kerner, 895 F.2d 1159 (7th Cir.1990); United States v. Bush, 888 F.2d 1145 (7th Cir.1989).
 
 
 7
 Accordingly, we conclude that having failed to challenge her sentence on direct appeal to the extent it ordered forfeiture of her property, Ramsey may not now collaterally attack that part of her sentence either through a post-conviction motion or petition.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The district court ordered the property at North 18th Street forfeited in Ramsey's Judgment in a Criminal Case entered on October 16, 1992. The district court postponed its decision regarding the property on North 37th Street, however. On November 4, 1992, the government filed a Memorandum on Forfeitures seeking forfeiture of the North 37th Street property. Ramsey did not file any response to the government's memorandum, and on March 31, 1993, the court ordered the North 37th Street property forfeited
 
 
 [2]
 As noted above, the district court ordered the property on North 37th Street forfeited on March 31, 1993. The briefing schedule for Ramsey's appeal required her and her co-defendants to submit a joint brief to this court on March 1, 1993 and individual supplemental briefs on April 2, 1993. Although Ramsey may not have had time to address the March 31 forfeiture order in her brief submitted on April 2, the docket sheet for Ramsey's appeal does not indicate that she moved for permission to supplement her brief to address the March 31 forfeiture order