[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17169
Non-Argument Calendar

_____

D. C. Docket No. 00-00917-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARLENE ZULUAGA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 15, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Marlene Zuluaga ("Zuluaga"), proceeding *pro se*, appeals the

district court's order denying her Fed. R. Civ. P. 60(b) motion to alter and/or amend judgment. She argues that the Supreme Court amended the sentencing guidelines with its decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and thus the district court should give retroactive effect to the amendment and resentence her.

We review issues of subject-matter jurisdiction *de novo*. *United States v. Moore*, 443 F.3d 790, 793 (11th Cir. 2006). The Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a civil nature . . ." Fed. R. Civ. P. 1. While Rule 60(b) provides for relief from a final judgment, *see* Fed. R. Civ. P. 60(b), it does not provide for relief from judgment in a criminal case and, therefore, cannot be used to challenge a sentence, *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (addressing a challenge to a criminal forfeiture).

Because Rule 60(b) does not offer relief from a criminal judgment, Zuluaga is unable to collaterally attack her sentence through a Rule 60(b) motion. Accordingly, we conclude that the district court did not have subject-matter jurisdiction to grant her Rule 60(b) motion. To the extent that Zuluaga's *pro se* motion could be construed as one for relief under 18 U.S.C. § 3582(c)(2) or 28 U.S.C. § 2255, the decision in *Booker* is not an appropriate ground for relief in

2

either motion.  Finally, we do not consider Zuluaga's request to consider the Rule 60(b) motion as an independent action because she raised it for the first time in her reply brief.  Accordingly, we affirm the district court's order denying Zuluaga's Rule 60(b) motion.

**AFFIRMED.**