Shawn G. HARRIS, Petitioner,

v.

UNITED STATES of America, Respondent.

Civil Action No. 5:06CV141.
Criminal Action No. 5:05CR41.

United States District Court, N.D. West Virginia.

June 19, 2009.

Brendan S. Leary, Federal Public Defender Office, Wheeling, WV, for Petitioner.

John C. Parr, U.S. Attorney's Office, Wheeling, WV, for Respondent.

*MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS, DENYING PETITIONER'S "MOTION JUSTIFYING RELIEF FROM THE OPERATION OF THE JUDGMENT UNDER FEDERAL CIVIL RULE 60(b)(6)", GRANTING PETITIONER'S § 2255 PETITION AS TO GROUND ONE, DENYING PETITIONER'S § 2255 PETITION AS TO GROUND TWO, DENYING AS MOOT PETITIONER'S § 2255 PETITION AS TO GROUND THREE, VACATING THE JUDGMENT IN THIS ACTION AND DIRECTING THE UNITED STATES PROBATION OFFICE TO PREPARE JUDGMENT AND COMMITMENT ORDER*

FREDERICK P. STAMP, JR., District Judge.

## I. *Background*

*Pro se*[1] petitioner, Shawn G. Harris, is currently serving a fifty-seven month period of imprisonment for conspiracy to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). The petitioner filed two pleadings seeking to correct his sentence. First, he filed a motion styled, "Motion Justifying Relief from the Operation of the Judgment Under Federal Civil Rule 60(b)(6)." Next, he filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, *et seq.*, this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter. Magistrate Judge Seibert issued three reports and recommendations recommending disposition of the matters contained in the petitioner's motion and habeas corpus petition. In each report and recommendation, the magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. The petitioner filed objections to the first two reports and recommendations but did not file objections to the third one.

For the reasons set forth below, this Court concludes that the magistrate judge's reports and recommendations must be affirmed and adopted in their entirety. Accordingly, this Court will deny the petitioner's "Motion Justifying Relief from the Operation of the Judgment Under Federal Civil Rule 60(b)(6)," and will grant in part and deny in part the petitioner's petition pursuant to 28 U.S.C. § 2255 to vacate, set

---

1. *"Pro se"* describes a person who represents himself in a court proceeding without the assistance of a lawyer. *Black's Law Dictionary* 1237 (7th ed. 1999).

aside or correct sentence by a person in federal custody.

## II. *Applicable Law*

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." *See Webb v. Califano*, 468 F.Supp. 825 (E.D.Cal.1979). Because the petitioner filed objections to the first report and recommendation, this Court would normally undertake a *de novo* review of the matters before it. However, because this Court's disposition of the second report and recommendation renders moot the matters addressed in the first report and recommendation, and because no objections were filed to the second report and recommendation, this Court reviews the matters before it for clear error.

## III. *Discussion*

A. *"Motion Justifying Relief from the Operation of the Judgment Under Federal Civil Rule 60(b)(6)"*

On June 15, 2006, the petitioner filed what he styled as a "Motion Justifying Relief from the Operation of the Judgment Under Federal Civil Rule 60(b)(6)". Petitioner argues for a reduction of his sentence on the basis of extreme hardship (he has an infant daughter, both of whose parents are incarcerated) and on the basis of substantial assistance. Magistrate Judge Seibert issued a report and recommendation in which he correctly recharacterized the motion as a motion for reduction of sentence filed pursuant to Federal Rule of Criminal Procedure 35(b), and recommending that the petitioner's claim be denied because only the government can move for a Rule 35(b) reduction of sentence for substantial assistance.

The petitioner filed objections which are a blend of arguments supporting his § 2255 petition and additional details regarding his demonstrated willingness to assist law enforcement authorities. The petitioner also repeats his argument that his 8–month–old daughter's situation warrants a reduction in his sentence.

■ Federal Rule of Criminal Procedure 35(b)(1) states:

> Upon the government's motion made within one year of sentencing, the court may reduce a sentence if: (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.

In applying this rule, courts have found that "[a] mere showing of substantial assistance by the defendant is not sufficient to support a reduction in the defendant's sentence without the filing of a motion by the government." *United States v. Marshall*, 197 F.R.D. 449 (D.C.Kan.2000). The government has the discretion to file a Rule 35(b) motion, and a court may only review the government's refusal to do so for abuse of discretion if: (1) the government is obligated by a plea agreement to move for such a departure; or (2) the refusal was based on an unconstitutional motive, such as the defendant's race or religion. *United States v. Wallace*, 22 F.3d 84, 87 (4th Cir.1994) (citing *Wade v. United States*, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992)).

■ Here, the petitioner claims that this Court should grant him a reduction in sentence under Rule 35(b) because of substantial assistance he states that he provided relating to a criminal investigation. This Court will not question the value of any assistance which may have been provided by the petitioner. Rather, this

Court notes that the decision to make a Rule 35(b) motion lies solely with the government. *Wade,* 504 U.S. at 185, 112 S.Ct. 1840; *see also* Fed.R.Crim.P. 35(b). Moreover, the petitioner's argument that he should be granted a sentence reduction because of his family circumstances does not fall within the purview of Rule 35.[2] Thus, based upon a *de novo* review of the petitioner's motions, this Court lacks the authority to grant a sentence reduction.

## B. *Habeas Corpus Petition*

On November 20, 2006, the petitioner filed a § 2255 habeas corpus petition stating three grounds for relief and requesting an evidentiary hearing on his claim that he informed his counsel to file a notice of appeal. Ground One asserts a claim for ineffective assistance of counsel for failure to file a notice of appeal upon petitioner's request. Ground Two alleges ineffective assistance of counsel for failure to obtain further sentence reductions for substantial assistance, pursuant to Rule 35. Finally, Ground Three seeks a sentence reduction pursuant to the then-pending amendments to the crack cocaine sentencing guidelines.

Magistrate Judge Seibert entered two reports and recommendations on the petitioner's habeas corpus petition. The first recommended that the petitioner's § 2255 be denied and dismissed, except for Ground One (ineffective assistance of counsel for failure to file an appeal when instructed by petitioner to do so), for which he set an evidentiary hearing and appointed counsel to the petitioner for that hearing.

The petitioner filed objections in which he argues, correctly, that the report and recommendation fails to address Ground Two and Ground Three on the merits. The petitioner did not object to that portion of the report and recommendation setting an evidentiary hearing on Ground One.

Thereafter, the magistrate judge held an evidentiary hearing on the petitioner's claim that counsel failed to file an appeal as requested. After that hearing, the magistrate judge issued a third report and recommendation in which he recommends that the § 2255 petition be granted on Ground One, the claim of ineffective assistance of counsel for failure to file an appeal. The report further recommends that the petitioner's original judgment be vacated and a new judgment be entered from which the petitioner may take an appeal. No objections were filed to this third report and recommendation.

This Court therefore reviews for clear error the matters addressed by the third report and recommendation, to which no objections were filed, and reviews *de novo* the matters addressed by the second report and recommendation, to which objections were filed. Thus, Ground One, which is addressed in the third report and recommendation, is reviewed under a clearly erroneous standard, and Grounds Two and Three are reviewed *de novo.*

### 1. *Ground One—Ineffective Assistance of Counsel for Failure to File an Appeal*

As noted above, two of the petitioner's asserted grounds for relief are based upon a claim of ineffective assistance of counsel. Ground One alleges that the petitioner received ineffective assistance of counsel because the petitioner instructed

---

**2.** To the extent that the petitioner relies upon Federal Rule of Civil Procedure 60(b), it should be noted that such rule is not applicable to criminal judgments. Rather, it is a rule which may used to request a court to recon-sider a final judgment in habeas corpus and other civil cases. *See Gonzalez v. Crosby,* 545 U.S. 524, 534, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) ("Rule 60(b) has an unquestionably valid role to play in habeas cases.")

his attorney to file an appeal, and his attorney then failed to do so. As the magistrate judge correctly noted in his third report and recommendation, counsel for a criminal defendant provides per se ineffective assistance when the defendant instructs counsel to file an appeal and counsel fails to do so irrespective of the merits of the appeal. *Evitts v. Lucey,* 469 U.S. 387, 391–405, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The remedy in such cases is to vacate the original judgment and enter a new judgment from which an appeal can be taken. *United States v. Peak,* 992 F.2d 39, 42 (4th Cir.1993).

■ Here, the magistrate judge found by a slight preponderance of evidence that the petitioner instructed his counsel to file an appeal. This Court finds no clear error in the magistrate judge's findings. Accordingly, the third report and recommendation must be affirmed and adopted in its entirety, the petitioner's § 2255 petition must be granted on Ground One, and the judgment must be vacated and a new judgment entered from which the petitioner may take an appeal.

2. *Ground Two—Ineffective Assistance of Counsel for Failure to Obtain Further Sentence Reductions for Substantial Assistance Pursuant to Rule 35*

Ground Two of the § 2255 petition alleges that counsel for the petitioner provided ineffective assistance by failing to move for a sentence reduction for the assistance the petitioner provided to the United States in a criminal investigation. This claim is essentially the same one the petitioner advanced in his "Motion Justifying Relief from the Operation of the Judgment Under Federal Civil Rule 60(b)(6)". As discussed in detail above, the decision to make a Rule 35(b) motion lies solely with the government. *Wade,* 504 U.S. at 185, 112 S.Ct. 1840; *see also* Fed.R.Crim.P.

35(b). The government has elected not to do so in this case. Accordingly, after conducting a *de novo* review, this Court concludes that its has no authority to grant a sentence reduction under Rule 35. Ground Two of the § 2255 petition must therefore be denied.

3. *Ground Three—Sentence Reduction Pursuant to 18 U.S.C. § 3582*

Ground Three of the petitioner's § 2255 petition seeks a sentence reduction on the basis of the Sentencing Guideline Amendments to crack cocaine offense. At the time he filed his petition, the amendments had not become effective. However, after the amendments became effective and after the magistrate judge issued his reports and recommendations, the petitioner, by counsel, filed a motion for retroactive application of the sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3582. That motion was granted and the petitioner's sentence adjusted downward accordingly. Having reviewed this matter *de novo,* this Court concludes that Ground Three of the petitioner's petition must be dismissed as moot.

IV. *Conclusion*

For the foregoing reasons, the magistrate judge's reports and recommendations (Docs. 172, 183, and 188) are AFFIRMED and ADOPTED in their entirety. Accordingly, the petitioner's "Motion Justifying Relief from the Operation of the Judgment Under Federal Civil Rule 60(b)(6)" is DENIED, and the petitioner's claims filed pursuant to 28 U.S.C. § 2255 are GRANTED IN PART and DENIED IN PART. Specifically, it is ORDERED that the § 2255 petition be GRANTED as to Ground One. It is also ORDERED that the § 2255 petition be DENIED as to Ground Two and that the § 2255 petition be DENIED AS MOOT as to Ground Three. It is further ORDERED that the

judgment entered by this Court on December 20, 2005 be VACATED so that an amended judgment may be entered from which the petitioner may file an appeal. The United States Probation Office is hereby DIRECTED to prepare an amended judgment in accordance with this order. Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i), the petitioner has **ten days** after the entry of the amended judgment within which to file a notice of appeal.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the *pro se* petitioner by certified mail, to counsel of record herein, and to the United States Probation Office.

### REPORT AND RECOMMENDATION RECOMMENDING DEFENDANT'S RULE 60(b) MOTION BE DENIED

JAMES E. SEIBERT, United States Magistrate Judge.

### I. Introduction

On December 20, 2005, The Honorable Frederick P. Stamp, Jr., United States District Judge sentenced Petitioner Shawn G. Harris to serve fifty seven months in prison for conspiracy to distribute in excess of five grams of cocaine base.[1] Harris is currently incarcerated and serving that sentence.

On June 15, 2006, Harris, *pro se*, filed this motion in this criminal action styled Motion Justifying Relief from the Operation of the Judgment Under Federal Rule of Civil Procedure 60(b)(6).[2] The United States responded on August 15, 2006.[3] Defendant replied on August 22, 2006.[4]

1. Docket No. 113

2. Docket No. 166

3. Docket No. 170

4. Docket No. 171

### II. Discussion

Harris asks this Court to reduce his sentence under Federal Rule of Civil Procedure 60(b)(6). He raises two issues under this Rule. First, Harris claims reducing his sentence will serve the best interests of his family. He notes he and his wife are both incarcerated and their infant daughter is in the care of Harris' mother. Harris asks the Court to reduce his sentence so he may care for his daughter. Second, Harris claims his plea agreement implicitly required the government to ask for a downward departure in his sentence under Federal Rule of Criminal Procedure 35 because of the substantial assistance he provided. Harris requests the Court grant him this departure. Although Harris raises this matter under Rule 60(b), the Court will address this claim as an independent Rule 35 motion due to the liberal pleading rules accorded to *pro se* litigants. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998) (stating that "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed").

█ Regarding Harris' Rule 60(b) claim, a criminal defendant cannot use the Federal Rules of Civil Procedure to challenge his conviction or sentence. *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir.1998) (dealing with a Rule 60(b) motion).[5] Federal Rule of Civil Procedure 1 plainly states that "These rules govern the procedure in the United States district courts in all suits of a civil nature." The

5. Various unpublished precedent also supports this notion. *See, e.g., United States v. Zuluaga*, 192 Fed.Appx. 944 (11th Cir.2006); *United States v. Ramsey*, 1997 WL 14152, 1997 U.S.App. LEXIS 565 (7th Cir.).

Rules apply in cases of a civil, not criminal, nature. *Id.* They cannot be used in a criminal proceeding. *Mosavi,* 138 F.3d at 1366. Thus, Harris cannot use Rule 60(b) to attack the underlying criminal proceedings.

Federal Rule of Criminal Procedure 35 governs correcting and reducing sentences. Sentence reductions for substantial assistance are governed by Federal Rule of Criminal Procedure 35(b)(1) and (b)(2). Both sections require the government to move the Court to reduce a defendant's sentence. Fed.R.Crim.P. 35(b)(1); (b)(2). The Fourth Circuit has held that "the decision not to make a downward departure is within the government's discretion." *United States v. Butler,* 272 F.3d 683, 686 (4th Cir.2001). The only exception to the government's prerogative is when the government declines to ask for a substantial assistance reduction based on a constitutionally impermissible motivation. *Wade v. United States,* 504 U.S. 181, 186, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). Unless a defendant can make a "substantial threshold showing" of these impermissible motives, the inquiry must end. *United States v. LeRose,* 219 F.3d 335, 342 (4th Cir.2000). However, the government only receives such unfettered discretion when it does not bind itself by a plea agreement, for the government may make a plea agreement obligating it to file a Rule 35 motion and the Court may review its failure to file it. *United States v. Hartwell,* 448 F.3d 707, 714 (4th Cir.2006).

The Court concludes Harris was not entitled to a have the government file a Rule 35 motion under his plea agreement and therefore his motion must fail. The plea agreement does not contain any provision relating to a Rule 35 motion.[6] Rather, as the government's brief asserts, the agreement simply provided the government would ask for a three level sentence reduction under the Guidelines. Thus, the matter was one of prosecutorial discretion. Since Harris has made no "substantial threshold showing" of constitutionally impermissible government motives, his Rule 35 argument is unpersuasive.

For the foregoing reasons, the Court recommends Harris' motion be DENIED.

## III. RECOMMENDATION

This Court hereby recommends that Harris' Motion Justifying Relief from the Operation of the Judgment Under Federal Rule 60(b)(6) be DENIED.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the district judge of record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir.1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to any *pro se* parties and all counsel of record.

DATED: September 26, 2006

---

**6.** Docket No. 62

*REPORT AND RECOMMENDATION THAT § 2255 MOTION BE DENIED AS TO THREE GROUNDS, SETTING AN EVIDENTIARY HEARING ON GROUND ONE, APPOINTING COUNSEL FOR THE EVIDENTIARY HEARING AND PROVIDING THAT COUNSEL, PARTIES AND WITNESSES MORE THAN 40 MILES FROM THE WHEELING POINT OF HOLDING COURT MAY APPEAR BY VIDEO OR TELEPHONE CONFERENCING*

## I. *INTRODUCTION*

On November 20, 2006, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The Government filed its Response January 26, 2007. Petitioner filed a Response to the Government's Response February 6, 2007.

## II. *FACTS*

### A. *Conviction and Sentence*

On October 14, 2005, petitioner signed a plea agreement by which he agreed to plead guilty to Count One, conspiracy to distribute more than five (5) grams of cocaine base, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B). In the plea agreement, the parties stipulated to the total drug relevant conduct of between thirty-five (35) and fifty (50) grams of cocaine base. Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

11. Mr. Harris is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, if the Court sentences defendant to 97 months or less, defendant knowingly and voluntarily waives the right to appeal his sentence or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). Correspondingly, the United States waives its right to appeal if the Court sentences the defendant to 78 months or more. Neither of these ranges are representative of defendant's estimation of a reasonable sentence, nor does this waiver prevent defendant from arguing for a sentence below 78 months.

On October 16, 2005, the petitioner entered his plea in open court. Petitioner was 31 years old and a high school graduate. (Plea transcript p. 4) Petitioner stated he understood and agreed with all the terms and conditions of the plea agreement. (*Id.* at 11) The Court specifically asked if petitioner understood the waiver of appellate and post-conviction relief rights. (*Id.* at 12–13; 16–17) The Court asked petitioner's counsel if he believed petitioner understood the waiver of appellate and post-conviction relief rights. (*Id.* at 12) The Court then reviewed all the rights petitioner was giving up by pleading guilty. (*Id.* at 17–20) During the plea hearing, the Government presented the testimony of Special Agent Robert Manchas of the United States Drug Enforcement Administration to establish a factual basis for the plea. (*Id.* at 20–22). The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner ad-

vised the Court that he was guilty of Count One of the indictment. (*Id.* at 23) The petitioner further stated under oath that no one had attempted to force him to plead guilty. (*Id.*) In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (*Id.*) The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (*Id.* at 24) Finally, petitioner said he was in fact guilty of the crime to which he was pleading guilty (*Id.*)

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty; and that the elements of Count One were established beyond a reasonable doubt. (*Id.* at 24–25) The petitioner did not object to the Court's finding.

On December 12, 2005 and December 16, 2005, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 57 months imprisonment.

### B. *Appeal*

Petitioner did not file an appeal of his conviction or sentence.

### C. *Federal Habeas Corpus*

On November 20, 2006, petitioner initiated this case under § 2255. In the motion, the petitioner asserts that his counsel was ineffective for failing to file a notice of appeal upon his request. He further contends that his counsel was ineffective for not obtaining further sentence reductions per Rule 35 for petitioner's substantial assistance to the Government. Petitioner contends that his sentence should be reduced under a potential new law, which addresses the difference in crack cocaine and powder cocaine under the Sentencing Guidelines. Lastly, petitioner requests an evidentiary hearing on these matters.

In its response to the motion, the Government asserts that under Fourth Circuit law, counsel's failure to file a notice of appeal when requested to do so is per se ineffective assistance and that an evidentiary hearing is appropriate for this issue. However, the government contends that petitioner's counsel was not ineffective for not moving for the Rule 35 motion, as defense counsel has no legal authority to so. The Government further clarifies that petitioner did not work as a confidential informant to receive substantial assistance, but received a sentence reduction under the safety vale and for acceptance of responsibility. Finally, the Government contends that petitioner's request for relief based on anticipated Congressional action is premature and moot.

### D. *Recommendation*

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the sentence with the exception of an evidentiary hearing to determine whether petitioner requested his attorney to file an appeal and whether counsel ignored or refused instructions.

### III. *ANALYSIS*

### A. Waiver

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." *Blackledge v. Allison,* 431 U.S. 63, 71, 97 S.Ct. 1621, 52

L.Ed.2d 136 (1977). However, the advantages of plea bargains "can be secure ... only if dispositions by guilty plea are accorded a great measure of finality." *Id.* "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." *United States v. Lemaster,* 403 F.3d 216, 220 (4th Cir.2005).

In *United States v. Attar,* 38 F.3d 727 (4th Cir.1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." *Attar* at 731. The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." *Id.* After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. *Id.* at 732. For example, the Court noted that a defendant "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." *Id.* Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." *Id.*

Subsequently, in *United States v. Lemaster, supra,* the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. *Lemaster,* 403 F.3d at 220. Therefore, like waiver-of-appeal-rights provision, the Court found that the

waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. *Id.* And, although, the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." *Id.* at n. 2.

Based on these cases, it appears that ineffective assistance of counsel claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. *Attar,* 38 F.3d at 732 (it cannot be fairly said that a defendant "waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations.")

Therefore, when reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, we must first determine whether there is valid waiver. In doing so,

> The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy—specifically, whether the district court questioned the defendant about the appeal waiver—the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each

case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

*United States v. Blick,* 408 F.3d 162, 169 (4th Cir.2005) (internal citations and quotations omitted).

■ In other words, the Court must examine the actual waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. *Id.* If the Court finds that the waiver is valid, any IAC claims arising prior to the plea agreement are barred by the waiver.

As to any IAC claims made regarding an attorney's action, or lack thereof, after the plea agreement, the Fourth Circuit has stated, "[w]e do not think the general waiver of the right to challenge" a sentence on the ground that "the proceedings following entry of the guilty plea—including both the sentencing hearing itself and the presentation of the motion to withdraw their pleas—were conducted in violation of their Sixth Amendment right to counsel." *Attar,* 38 F.3d at 732–33. Therefore, upon first blush it appears that IAC claims arising after the guilty plea and/or during sentencing, are not barred by a general waiver-of appeal rights.

However, several courts have distinguished IAC claims raised in a § 2255 case, from those raised on direct appeal. In *Braxton v. United States,* 358 F.Supp.2d 497 (W.D.Va.2005), the Western District of Virginia noted that although the Fourth Circuit has yet to define the scope of waiver of collateral rights, several courts have held that § 2255 waivers should be subject to the same conditions and exceptions applicable to waivers of the right to file a direct appeal. *Braxton* at 502 (citing *United States v. Cannady,* 283 F.3d 641, 645 n. 3 (4th Cir.2002) (collecting cases); *Butler v. United States,* 173 F.Supp.2d 489, 493 (E.D.Va.2001)). None-

theless, the Western District of Virginia, distinguished the types of IAC claims available on direct appeal from those available in a § 2255 motion. Specifically, the Court noted:

Appellate courts rarely hear ineffective assistance of counsel claims on direct review. Indeed, '[i]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.' *United States v. King,* 119 F.3d 290, 295 (4th Cir.1997). Therefore, the waiver exception recognized in *Attar* applies only to a very narrow category of cases. In contrast, a rule that defendants are unable to waive their right to bring an ineffective assistance claim in a § 2255 would create a large exception to the scope of § 2255 waivers. In fact, such an exception would render all such waivers virtually meaningless because most habeas challenges can be pressed into the mold of a Sixth Amendment claim on collateral review. The Fifth Circuit has recognized this dynamic by noting that '[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded.' *United States v. White,* 307 F.3d 336, 344 (5th Cir.2002).

*Braxton* at 503.

The Western District of Virginia further noted that the Tenth Circuit has also distinguished collateral-attack waivers from the situation in *Attar* and that the Fourth Circuit's holding in *United States v. Broughton–Jones,* 71 F.3d 1143, 1147 (4th Cir.1995), also supports such distinction. *Braxton* at 503, n. 2. Finally, the *Braxton*

Court found it persuasive that the majority of circuits to have confronted this question "have held that collateral attacks claiming ineffective assistance of counsel that do not call into question the validity of the plea or the § 2255 waiver itself, or do not related directly to the plea agreement or the waiver, are waivable." *Id.* at 503. (collecting cases).

In this case, petitioner asserts that he requested his counsel to appeal the errors made at his sentencing, but that counsel failed to respond to his request. Therefore, petitioner asserts counsel was per se ineffective for failing to file a notice of appeal as instructed. As held in *United States v. Poindexter,* 492 F.3d 263 (4th Cir.2007) an evidentiary hearing is required in such cases to determine whether the petitioner unequivocally instructed his attorney to file a notice of appeal or, if his attorney was not so instructed, the court will determine if petitioner met his burden of showing that: (1) his attorney had a duty to consult under *Roe v. Flores-Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); (2) his attorney failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations.

Accordingly, I recommend this motion be denied on all grounds except the allegation of failure to file notice of appeal hereinafter addressed.

## B. Failure to File Notice of Appeal

Petitioner asserts that counsel was ineffective for failing to file an appeal of his amended sentence. The Fourth Circuit Court of Appeals has held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." *United States v. Peak,* 992 F.2d 39, 42 (4th Cir.1993). In rendering this decision, the Court opined:

> Persons convicted in federal district courts have a right to a direct appeal. *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). In addition, the Sixth Amendment right to counsel extends to the direct appeal, *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and it obligates the attorney to file the appeal and identify possible issues for the court even if, in the attorney's opinion, those issues are not meritorious. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

*Id.* at 41.

Further, in *Roe v. Flores-Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the United States Supreme Court recognized that "[i]f counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Flores-Ortega,* at 478, 120 S.Ct. 1029.

In this case, petitioner asserts that he tried to appeal the errors made at his sentencing, but that counsel failed to respond to his requests. Therefore, petitioner asserts counsel was per se ineffective for failing to file a notice of appeal as instructed. The Government agrees that counsel's failure to file a notice of appeal when requested to do so is per se ineffective assistance. The Government further states that based upon the affidavit of the petitioner alleging that he requested that an appeal be filed, a genuine issue of material fact exists concerning the effective assistance of counsel. The Government asserts that an evidentiary hearing is appropriate on this issue.

Accordingly, because the petitioner's motion and the Government's response establish that there is a genuine issue of material fact, I find that an evidentiary hearing is necessary to determine whether petitioner requested his attorney file an appeal and whether counsel ignored or refused such instructions. *See* 28 U.S.C. § 2255 (providing in pertinent part that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."); *see also United States v. Witherspoon*, 231 F.3d 923 (4th Cir.2000).

An evidentiary hearing, solely on the issue of whether petitioner instructed his counsel to file an appeal shall be held at 10 am, September 6, 2007, in the United States Magistrate Judge Courtroom, Room 433, 4th Floor, U.S. Courthouse, Wheeling, West Virginia.

Petitioner shall appear by telephone from his place of incarceration. Any other party, counsel or witness who resides or whose principal office is more than 40 miles from the Wheeling point of court may appear by telephone.

Brendan S. Leary, Esq. is appointed to represent petitioner at the evidentiary hearing.

## IV. *RECOMMENDATION*

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the sentence with the exception of an evidentiary hearing to determine whether petitioner requested his attorney to file an appeal and whether counsel ignored or refused instructions.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir.1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: July 9, 2007

## *REPORT AND RECOMMENDATION THAT § 2255 MOTION BE GRANTED ONLY ON THE ISSUE THAT PETITIONER INSTRUCTED COUNSEL TO FILE A NOTICE OF APPEAL*

### I. *Introduction*

On November 20, 2006, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The Government filed its response January 26, 2007. Petitioner filed a response to the Government's Response February 6, 2007. The undersigned entered a Report and Recommendation July 9, 2007 that the § 2255 be denied on three grounds and

setting an evidentiary hearing on the remaining ground. The evidentiary hearing was held September 6, 2007. Testimony was taken from Petitioner, Shawn G. Harris, his mother, Ann E. Harris, and his former counsel, J. Perry Manypenny.

## II. *Findings of Fact and Conclusions of Law*

### *Findings of Fact*

Mr. Harris signed a plea agreement October 14, 2005. He entered his plea October 18, 2005 before the Honorable Frederick P. Stamp, Jr. Mr. Harris testified that Mr. Manypenny indicated that the likely sentence would be fifty-seven (57) months. Mr. Harris received a copy of the presentence report and reviewed it with Mr. Manypenny in the first half of November, 2005. On December 12, 2005, Mr. Harris appeared in Court on the day originally scheduled for imposition of sentence. The sentencing was continued until December 16, 2005 because Mr. Harris did not understand he was to be sentenced that day. Either the next day or the day after Mr. Harris testified he went to Mr. Manypenny's office and told him he wanted Mr. Manypenny to withdraw as counsel and withdraw his plea. Mr. Harris testified if he was not permitted to withdraw his plea, he wanted to appeal. Mr. Harris told Mr. Manypenny he wanted Mr. Manypenny to withdraw as counsel and to withdraw his plea immediately prior to the second sentencing hearing December 18, 2005. If he could do neither, Mr. Harris testified that he told Mr. Manypenny he wanted to file an appeal. Mr. Manypenny moved to withdraw as counsel at the December 16, 2005 sentencing hearing. The motion was denied. The sentencing proceeded. Mr. Harris was sentenced to fifty-seven (57) months imprisonment. Mr. Harris was remanded to the custody of the United States Marshals Service and placed in the Northern Regional Jail. Mr. Harris testified he wrote Mr. Manypenny from the Northern Regional Jail and instructed him to file an appeal.

Mr. Harris' mother testified she visited her son at the Northern Regional Jail after the sentencing hearing. She called Mr. Manypenny's office the next day and talked to a woman who answered the telephone. Mrs. Harris requested to talk to Mr. Manypenny. Mr. Manypenny was out of the office. Mrs. Harris told the woman who answered the phone she was calling on behalf of her son who wanted Mr. Manypenny to file an appeal of his case. The woman said she would give Mr. Manypenny the message. Mr. Manypenny did not return her call. Mrs. Harris called back and spoke to the same woman. Again, Mr. Manypenny did not return her call. Later, in March of 2006, Mrs. Harris did speak to Mr. Manypenny. They did not discuss the appeal. They did discuss Mr. Manypenny's withdrawal from the case.

Mr. Manypenny testified Mr. Harris never requested Mr. Manypenny to appeal his case either orally or in writing. Mr. Manypenny testified Mr. Harris wanted to fire him. Mr. Manypenny said Mr. Harris did not want to hear what Mr. Manypenny had to say. Mr. Harris had a child who was born prematurely who had health problems and transportation problems which impeded communication between Mr. Harris and Mr. Manypenny.

By a slight preponderance of the evidence, I find it more likely than not that Mr. Manypenny was instructed to file an appeal.

### *Conclusions of Law*

When a criminal defendant instructs counsel to file an appeal and the appeal is not filed, it is ineffective assistance of counsel per se—irrespective of the merits of the appeal. *Evitts v. Lucey*, 469 U.S. 387, 391–405, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The remedy is to vacate the original judgment and enter a new judgment

from which an appeal can be taken. *United States v. Peak,* 992 F.2d 39, 42 (4th Cir.1993).

*Recommendation*

I recommend Mr. Harris' original judgment be vacated and a new judgment entered because I find it more likely than not that Mr. Harris instructed Mr. Manypenny to appeal.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: September 26, 2007