[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10319
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cr-00353-WTM-GRS-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DESHAWN REILLY,
a.k.a. Dushawn Reilly,
a.k.a. Leo Hurtault,
a.k.a. Charles Edward Wheeler,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 23, 2021)

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Deshawn Reilly, proceeding pro se, appeals the district court's dismissal of his motion to quash his indictment. On appeal, he argues that the district court erred in construing his motion to dismiss the indictment as a 28 U.S.C. § 2255 motion to vacate, and that he is entitled to relief under Federal Rule of Criminal Procedure 12 or Federal Rule of Civil Procedure 60. Further, he asserts that the district court erred in permitting the government to file a response after the 14-day deadline set forth in Local Rule 7.5.

I.

We typically review whether post-conviction relief is available under a de novo framework. *See Dohrmann v. United States*, 442 F.3d 1279, 1280 (11th Cir. 2006) (addressing a claim pursuant to 28 U.S.C. § 2241). In the criminal context, we review arguments not raised before the district court only for plain error. *United States v. Cavallo*, 790 F.3d 1202, 1234 (11th Cir. 2015). To show plain error, the appellant must show that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. *United States v. Gandy*, 710 F.3d 1234, 1240 (11th Cir. 2013). In the civil context, we will not consider arguments raised for the first time on appeal except in limited circumstances. *See Access Now, Inc. v. Sw. Airlines, Inc.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

Although it challenges a criminal conviction, a habeas action is a civil suit. *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 269 (1978). We liberally construe a pro se motion and provide review on any legally justifiable ground. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam).

"Federal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework." *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) (per curiam). "Federal courts sometimes will ignore the legal label that *a pro se* litigant attaches to a motion and recharacterize the motion . . . to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381–82 (2003) (citations omitted). However, we have rejected the notion that a district court must "consider every potential statutory avenue of relief, weigh the costs and benefits of each, and decide whether [the pro se litigant] was entitled to relief under any one of them." *Zelaya v. Sec'y Fla. Dept. of Corrs.*, 798 F.3d 1360, 1369 (11th Cir. 2015), *overruled in part on other grounds by McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc).

A motion to vacate allows a prisoner to contest his sentence on the ground that his sentence was unconstitutional or otherwise subject to collateral

attack.  28 U.S.C. § 2255(a).  A federal prisoner must file a motion to vacate, pursuant to 28 U.S.C. § 2255, to collaterally attack the legality of his sentence.  *McCarthan*, 851 F.3d at 1081.  To recharacterize a motion as an initial § 2255 motion, the court must give notice to a pro se litigant along with an opportunity to amend or withdraw that motion.  *See Castro*, 540 U.S. at 382.  If the court fails to do so, the motion cannot be considered to have become a § 2255 motion.  *Id.* at 383.  This prohibition is largely for the benefit of the pro se litigant, as "by recharacterizing as a first § 2255 motion a *pro se* litigant's filing that did not previously bear that label, the court may make it significantly more difficult for that litigant to file another such motion."  *Id.* at 382.

In *Zelaya*, a pro se inmate filed a 28 U.S.C. § 2241 habeas petition and expressly rejected any perceived attempt by the court to recharacterize his petition as a § 2255 motion.  798 F.3d at 1367.  We concluded that the district court committed no error in declining to sua sponte recharacterize the petition as a § 2255 motion to vacate against his express wishes because recharacterization would have subjected any subsequent motion under § 2255 to restrictive conditions, and the inmate evinced unambiguous desire to proceed under § 2241. *Id.*  We noted that *Castro* did not hold that a federal court is obliged to recharacterize a pleading as a § 2255 motion, but only that if a court chose to do so, it must provide the requisite notice.  *Id.*  We also noted that the petitioner had

4

rejected any attempt by the court to recharacterize his petition as a § 2255 motion. *Id.* at 1367–68.

Under Federal Rule of Criminal Procedure 12(b), a criminal defendant may raise defenses or objections based on "a defect in instituting the prosecution" or "a defect in the indictment." Fed. R. Crim. P. 12(b)(3). Yet, these objections must be raised before trial if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits; otherwise, the motion is untimely. *Id.* 12(b)(3), (c)(3). The district court may still consider the objection "if the party shows good cause." *Id.* 12(c)(3). When a defendant cannot show good cause as to why he did not timely move under Rule 12(b)(3) before trial, the issue is considered waived. *See United States v. Lall*, 607 F.3d 1277, 1288 (11th Cir. 2010).

Under Federal Rule of Civil Procedure 60, a court may relieve a party from a final judgment, order, or proceeding when there is fraud, misrepresentation, or misconduct by the opposing party, where the judgment is void, or where there is any other reason that justifies relief. Fed. R. Civ. P. 60(b)(3), (4), (6). Rule 60 also provides that a court may set aside a judgment for "fraud on the court." *Id.* 60(d)(3). But Rule 60 does not provide relief from judgment in a criminal case. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (holding that a

5

defendant, who challenged a criminal forfeiture order under Rule 60 was not entitled to relief under the Federal Rules of Civil Procedure).

Here, the district court did not err in dismissing Reilly's post-conviction motion because a challenge to the validity of his conviction and sentence must be brought under 28 U.S.C. § 2255. Moreover, the district court did not err when it failed to recharacterize Reilly's motion as a § 2255 motion because Reilly repeatedly rejected the characterization of his motion as a § 2255 motion. *See Zelaya*, 798 F.3d at 1367–68.

Further, the district court did not err in finding that Reilly's motion would be denied under Rule 12 because Reilly did not assert this objection until nearly three years after pleading guilty and he has not shown cause for failing to timely move for relief. Fed. R. Crim. P. 12(b)(3), (c)(3); *Lall*, 607 F.3d at 1288. Last, the district court did not err in denying the motion under Rule 60 because, as a criminal defendant, Reilly cannot seek relief from his criminal judgment under the Federal Rules of Civil Procedure.[1] *See Mosavi*, 138 F.3d at 1355.

---

[1] We review Reilly's claim that the district court should have construed his motion to quash the indictment as a Rule 60 motion for plain error because he raised it for the first time on appeal. *See Cavallo*, 790 F.3d at 1234 (applying plain error to claims raised for the first time on appeal in the criminal context); *Access Now, Inc.*, 385 F.3d at 1331 (stating claims raised for the first time on appeal in the civil context generally are waived).

II.

We give great deference to a district court's interpretation of its local rules and review a district court's application of its local rules for an abuse of discretion. *Reese v. Herbert*, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008). To show an abuse of discretion, a petitioner must show that the district court made a clear error of judgment. *Conroy v. Abraham Chevrolet-Tampa, Inc.*, 375 F.3d 1228, 1232 (11th Cir. 2004). A district court retains the inherent authority to manage its own docket. *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). District courts can "prescribe rules for the conduct of their business." 28 U.S.C. § 2071(a). So long as such rules are "consistent with Acts of Congress and rules of practice and procedure prescribed under" 28 U.S.C. § 2072, they "are effective unless modified or abrogated by the judicial council of the relevant circuit." *Reese*, 527 F.3d at 1267 n.25 (internal quotation mark omitted). "Such rules shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b).

Local Rule 7.5 provides, "[u]nless these rules or the assigned Judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion . . . . Failure to respond within the applicable timeframe shall indicate there is not opposition to a motion." S.D. Ga. L.R. 7.5. In addition, the Federal Rules of Criminal Procedure provide that

7

"when an act must or may be done within a specified period, the court on its own may extend the time."  Fed. R. Crim. P. 45(b)(1).

Here, the district court did not err by permitting the government to file a response after the 14-day deadline because the local rule permits the district court judge to allow a party to file outside the set timeframe and Reilly has not shown that his substantial rights were affected.

**AFFIRMED.**

8